UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | Case No. 02CR1222-H |
|---|---|---|
| Plaintiff, | ) | |
| | ) | |
| v. | ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| | ) | |
| OSCAR MANUEL VALENCIA-PONCE (5), | ) | |
| Defendant. | ) | |

In accordance with section 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on August 9, 2007, to determine whether defendant Oscar Manuel Valencia-Ponce (hereinafter "Defendant") should be held in custody pending trial on the grounds that he is a flight risk. Assistant U.S. Attorney Alana M. Wong appeared on behalf of the United States; Chip Venie, Esq., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services report, and the criminal Indictment issued against the Defendant on May 3, 2002, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

I

FINDINGS OF FACT

A.   NATURE AND CIRCUMSTANCES OF THE OFFENSES CHARGED

The Defendant is charged in Criminal Indictment No. 02cr1222-H with conspiracy to distribute 1000 kilograms and more of marijuana, a Schedule I Controlled Substance, and 5 kilograms and more of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 (Count 2); possession with intent to distribute 100 kilograms and more of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1)(Count 12); and, possession with intent to distribute 2.27 kilograms and more of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1)(Count 13). Therefore, there exists probable cause to believe the Defendant committed the charged offenses.

Count 2 carries a statutory maximum sentence of life, and a mandatory minimum ten years' imprisonment. Counts 12 and 13 each carry a statutory maximum of forty imprisonment, and a mandatory minimum five years' imprisonment. See 21 U.S.C. § 841(a)(1). Therefore, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community. See 18 U.S.C. § 3142(e).

B.   WEIGHT OF THE EVIDENCE

Based on the Government's proffer that the evidence against the Defendant consists of wiretapped recordings, surveillance observations, and drug seizures over the course of a long-term investigation, the Court finds that this factor weighs in favor of detention.

C.   HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The Defendant fled in 2002 and has been in hiding for five years. Even though the Defendant is a United States citizen and eventually surrendered to authorities, the Court finds this factor weighs in favor of detention. The Defendant has no job and no significant employment history, although the defense proffered that he has a job possibility. The Defendant has no financial ties to the community. These factors weigh in favor of detention. Although the Defendant has spent much time in the community, the Court cannot determine where the Defendant has been for the last

five years. Therefore, this factor, like the Defendant's physical and mental condition, is neutral in the determination of whether pre-trial detention is required. The Defendant's lack of criminal history, lack of substance abuse, and family ties in the United States weigh in favor of bail.

## II

## REASONS FOR DETENTION

A.  There is probable cause to believe that the Defendant committed the offenses charged in Criminal Indictment No. 02cr1222-H.

B.  The rebuttable presumption that there is no condition or combination of conditions which will assure the Defendant's appearance in court has not been overcome.

C.  Defendant is facing a significant amount of time in custody if convicted, which gives him a strong incentive to flee the jurisdiction rather than stay and face a minimum mandatory sentence of ten years.

D.  Defendant has been fugitive on the instant charges for the last five years.

E.  The Government has met its burden of demonstrating by a preponderance of evidence that the Defendant is a risk of flight.

## III

## ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

//
//
//
//
//

1   While in custody, upon order of a court of the United States or upon the request of an
2 attorney for the United States, the person in charge of the correctional facility shall deliver the
3 Defendant to the United States Marshal for the purpose of an appearance in connection with a court
4 proceeding or any other appearance stipulated to by defense and Government counsel.
5   THIS ORDER IS ENTERED WITHOUT PREJUDICE.
6   IT IS SO ORDERED.

9   DATED: August 14, 2007.

10   HONORABLE RUBEN B. BROOKS,
United States Magistrate Judge

Prepared by:

KAREN P. HEWITT
United States Attorney

s/Alana Wong
ALANA M. WONG
Assistant U.S. Attorney

cc: Chip Venie, Esq.
   (Attorney for the Defendant)